**ZHI LIANG SHAO, Petitioner,**

v.

**Alberto GONZALES, U.S. Attorney General, Respondent.**

**No. 04–5069–ag.**

United States Court of Appeals, Second Circuit.

March 9, 2006.

Zhi Liang Shao, New York, New York, for Petitioner, pro se.

Mary E. Fleming, Assistant United States Attorney (Kathleen M. Mehltretter, Acting United States Attorney for the Western District of New York), Buffalo, New York, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges, and Hon. MIRIAM GOLDMAN CEDARBAUM, District Judge.*

## SUMMARY ORDER

Zhi Liang Shao petitions for review of the August 27, 2004 order of the BIA affirming a decision of an immigration judge ("IJ") denying his application for relief under the United Nations Convention Against Torture ("CAT") We assume the parties' familiarity with the facts of the case and its procedural history.

Where the BIA summarily affirms the decision of an IJ, this Court reviews the IJ's decision as the final agency determination. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews an IJ's factual findings under the substantial evidence standard, under which "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)).

Petitioner Shao proffered evidence in his application for CAT relief that is materially indistinguishable from that proffered by the petitioner in *Mu Xiang Lin v. United States Department of Justice,* 432 F.3d 156 (2d Cir.2005), who sought relief on the ground that she would be tortured if returned to China because she had illegally left China. For the reasons discussed in *Mu Xiang Lin,* we hold that substantial

---

* The Honorable Miriam Goldman Cedarbaum, United States District Court Judge for the Southern District of New York, sitting by designation.

evidence supported the IJ's determination that petitioner had failed to provide sufficient, particularized evidence that she was more likely than not to be tortured if returned to China. *Id.* at 160.

For the reason discussed, the petition for review is DENIED.